KAZEROUNI LAW GROUP, APC
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619)-233-7770
Fax: (619) 297-1022

LAW OFFICE OF DANIEL G. SHAY
Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Fax: (866) 431-3292

Attorneys for Plaintiff
ADRIAN THONGSTISUBSKUL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN THONGSTISUBSKUL, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA), N.A. & CAPITAL ONE, N.A.,<br><br>Defendants. | Case No. '20CV1306 JLS BGS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has long been concerned with safeguarding consumer personal information and privacy. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to protect consumers and regulate those that buy and sell consumer reports. The FCRA provides rules for consumer reporting agencies regarding their grave responsibilities concerning fairness, impartiality, and a respect for consumer rights to privacy

- 1 -

|   |   |
|---|---|
| 1 | because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties and restrictions on those that access consumer credit information to ensure they have a permissible purpose to do so. Adrian Thongstisubskul ("Plaintiff"), through his attorneys, brings this Class Action complaint for damages and to enjoin the deceptive business practices of Capital One Bank (USA), N.A. and Capital One, N.A. (collectively, "Defendants"). |

2. Specifically, Plaintiff brings this complaint, through his attorneys, for damages arising out of Defendants' systematic unauthorized credit inquiries.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in the State of California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8. Plaintiff is informed and believes, and thereon alleges, that Defendants acquired Plaintiff's credit information through unauthorized inquiries of Plaintiff's "consumer report[s]" as that term is defined by 15 U.S.C. 1681a(d)(1).

///

## JURISDICTION AND VENUE

9. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331 because this action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.

10. Because Defendants are authorized to and regularly conduct business in the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at the time of the incidents, Plaintiff resided in the County of San Diego, State of California, within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES AND DEFINITIONS

12. Plaintiff is a natural person who resides in the County of San Diego, State of California. Plaintiff is an individual and a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Capital One Bank (USA), N.A. is a national bank headquartered in Glen Allen, Virginia.

14. Capital One, N.A. is a national bank headquartered in McLean, Virginia. In 2011, Capital One Auto Finance merged into Capital One, N.A.

15. Defendants are both authorized to, and regularly conduct, business in the State of California. Because they are associations or other entities, they are therefore "persons" as defined by 15 U.S.C. § 1681a(b).

16. Defendants offer credit, furnish credit information and access credit reports and are therefore subject to the FCRA.

17. The cause of action herein pertains to Plaintiff's "consumer reports" as defined by 15 U.S.C. § 1681(d).

///

///

**STATUTORY BACKGROUND**

18. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and purchasers of credit reports, and which provides certain rights to consumers affected by unauthorized access to the collected information about them.

19. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

20. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

21. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless–(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

22. The permissible purposes listed in section 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

**FACTUAL ALLEGATIONS**

23. Under the FCRA, companies are permitted to access their customers' credit reports as "account review inquiries" if the customers have accounts with those companies.

24. In 2010, Plaintiff opened a credit card account with Capital One Bank (USA), N.A.

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

25. In 2017, Plaintiff also acquired an auto loan from Capital One, N.A. dba Capital One Auto Finance.

26. On August 14, 2018, Plaintiff filed Chapter Seven Bankruptcy in San Diego under case number 18-04845.

27. Both the 2017 auto-loan and the 2010 credit card accounts were included in Plaintiff's bankruptcy petition.

28. On November 14, 2018, Plaintiff's debts were discharged pursuant to a court order that was sent electronically to Defendants by the bankruptcy court. The order advised Defendants that Plaintiff's debts had been discharged.

29. Defendants did not file any proceedings to declare Plaintiff's obligations as "non dischargeable" pursuant to 11 U.S.C. § 523 et seq.

30. Defendants also did not request relief from the "automatic stay" codified at 11 U.S.C. § 362 et seq. while Plaintiff's bankruptcy was pending to pursue Plaintiff for the debts.

31. Plaintiff did not reaffirm the debts to make them survive the bankruptcy.

32. Accordingly, Plaintiff's debts to Defendants were discharged through bankruptcy, and the accounts were closed.

33. Following November 2018, Plaintiff no longer had any open accounts with Defendants.

34. Nevertheless, on January 16, 2019, Capital One Bank (USA), N.A. accessed Plaintiff's Experian credit report alleging it had a permissible purpose as an account review inquiry.

35. On January 25, 2019, Capital One, N.A. dba Capital One Auto Finance accessed Plaintiff's Experian credit report as an alleged account review inquiry.

36. On May 28, 2019, Capital One, N.A. conducted an account review or "AR" inquiry of Plaintiff's Equifax credit report.

///

///

37. Even though Plaintiff's accounts with Defendants were closed after his debts were discharged in November 2018, Defendants submitted the described above unauthorized account review inquiries and accessed Plaintiff's private and personal information without a permissible purpose.

38. Defendants' inquiries and access to Plaintiff's credit reports for "account reviews" facilitated by Experian and Equifax were entirely unauthorized and without a permissible purpose. After the above referenced discharge order was entered, Plaintiff did not owe Defendants any debts, and Plaintiff's accounts with Defendants were closed by operation of the bankruptcy discharge.

39. At no point after November 2018, did Plaintiff inquire about Defendants' credit services.

40. Further, Defendants had actual notice and knowledge of Plaintiff's discharge, so they were aware that Plaintiff's accounts were closed and knew it was unlawful to access his credit report at that point.

41. In fact, Plaintiff's Equifax credit report dated February 26, 2019 specifically states that his credit card account with Capital One Bank (USA), N.A. was "closed by credit grantor; Bankruptcy Discharged" and his account with Capital One Auto Finance was "Bankruptcy Discharged."

42. Plaintiff's TransUnion credit report dated February 26, 2019 provides "Date Closed 10/07/2018" regarding his account with Capital One Bank (USA), N.A. and "CHAPTER 7 BANKRUPTCY" for his account with Capital One Auto Finance.

43. Plaintiff's Experian credit report dated February 26, 2019 provides that both accounts were "Discharged through Bankruptcy Chapter 7."

44. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

///

///

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

45. Defendants' inquiries of Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

46. Defendants repeatedly accessed Plaintiff's private and confidential information without his consent or a permissible purpose thereby invading his privacy. Much like trespass to real property, which has been unlawful for hundreds of years, an invasion of privacy may not cause monetary damages—but it's an invasion nonetheless. There is no requirement for actual damages, the invasion itself is the injury. Privacy is a long-protected right in the United States and Plaintiff has suffered concrete harm resulting from Defendants' willful invasions of privacy.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated as members of the proposed class and subclass.

48. A nationwide class is defined as follows:

    Class A:

    All persons with an address within the United States whose consumer credit reports were obtained by Defendants as account review inquiries within the past five years from any of the three major credit reporting agencies (TransUnion, Equifax, and Experian), where the consumer did not have an account with Defendants.

49. A statewide subclass is defined as follows:

    Class B:

    All persons with an address within the State of California whose consumer credit reports were obtained by Defendants as account review inquiries within the past five years from any of the three major credit reporting agencies (TransUnion, Equifax, and Experian), where the consumer did not have an account with Defendants.

50. Defendants and their employees or agents are excluded from the class and subclass. Plaintiff does not know the number of members in the class but believes the class members number is in the thousands, if not more. This matter

should therefore be certified as a class action to assist in the expeditious litigation of this matter.

51. Plaintiff reserves the right to redefine the class and subclass and to add additional subclasses as appropriate based on discovery and specific theories of liability.

52. Plaintiff and members of the class and subclass were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through their agents, engaged in illegal and deceptive practices when they submitted unauthorized consumer report inquiries under 15 U.S.C. § 1681 et seq. Plaintiff and the class members were damaged thereby.

53. This suit seeks only recovery of actual and statutory damages on behalf of the class and subclass, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

54. The joinder of the class and subclass are impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the court. The class and subclass can be identified through Defendants' records or Defendants' agents' records.

55. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the class and subclass predominate over questions which may affect individual class members, including the following:

   a. Whether, within the five years prior to the filing of this Complaint, Defendants or their agents submitted any consumer credit report inquiries without a permissible purpose or the consent of members of Class A;

   b. Whether, within the five years prior to the filing of this Complaint, Defendants or their agents submitted any consumer credit report inquiries without a permissible purpose or the consent of California members of Class B;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

    c. Whether Plaintiff and the class members were damaged thereby, and the extent of damages for such violations;

    d. Whether Plaintiff and the class members are entitled to statutory damages as a result of Defendants' conduct;

    e. Whether Plaintiff and the class members are entitled to injunctive relief;

    f. Whether Plaintiff and the class members are entitled to an award of reasonable attorneys' fees and costs;

    g. Whether Plaintiff will fairly and adequately protect the interest of the class; and

    h. Whether Plaintiff's counsel will fairly and adequately protect the interest of the class.

56. As a California consumer that suffered unauthorized credit report inquiries by Defendants, Plaintiff is asserting claims that are typical of both the class and the subclass. Plaintiff will fairly and adequately represent and protect the interests of the class and subclass in that Plaintiff has no interests antagonistic to any member of the class and subclass.

57. Plaintiff and the members of the class and subclass have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the class and subclass will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy, and Defendants will likely continue such illegal conduct absent a class action. Because of the relatively small size of the individual class members' claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein on an individual basis.

58. Plaintiff retained counsel experienced in handling class action claims and claims involving violations of the FCRA.

59. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply

with federal law. The interests of the class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many other class actions.

60. Defendants have acted on grounds generally applicable to the class and subclass, thereby making appropriate declaratory relief with respect to the class and subclass as a whole.

## CAUSE OF ACTION

### The Fair Credit Reporting Act

### 15 U.S.C. §§ 1681-1692x (FCRA)

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions constitute multiple violations of the FCRA.

63. As a result of each negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant individually.

64. As a result of each willful violation of the FCRA, Plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000 and such amount as the Court may allow for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant individually.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the class members pray for relief and judgment as follows:

    a) Certifying the class and subclass as requested herein;

b) Appointing Plaintiff as the proper class representative;

c) Appointing Plaintiff's counsel as class counsel;

d) Special, general, compensatory and punitive damages;

e) An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

f) An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

g) An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

h) Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and the class members are entitled to, and demand, a trial by jury.

Dated: July 10, 2020

KAZEROUNI LAW GROUP, APC

By  s/ Yana A. Hart
YANA A. HART
yana@kazlg.com

Attorney for Plaintiff
ADRIAN THONGSTISUBSKUL

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT